

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Ocala Division

Case No. 5:15-cv- 598 -Oc- 41PRL

JANET FIE, and others
similarly situated,

    Plaintiff,

vs.

**COLLECTIVE ACTION**

AMERICAN IN-HOME CARE, LLC,
a foreign limited liability company,

    Defendant.
_____/

# Complaint and Demand for Jury Trial

Plaintiff, JANET FIE, and others similarly situated, by and through her undersigned counsel, hereby sues the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, and alleges as follows:

### I. Introduction

1. This is a collective action for overtime compensation and minimum wage violations brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.

### II. Jurisdiction

2. This court has jurisdiction pursuant to 28 U.S.C. §§1331 and 16(b) of the Fair Labor Standards Act [29 U.S.C. 216(b)] and 29 U.S.C. §621.

### III. Venue

3. The cause of action arose in Lake and Sumter Counties, Florida, in the Middle District of Florida.

### IV. Parties

4. Plaintiff JANET FIE is a resident of Lake County, Florida.

5. Plaintiff FIE has been employed as an in-home care provider for AMERICAN IN-HOME CARE on a continuous basis from approximately November 2013 to the present.

6. During the entire term of her employment, Plaintiff FIE regularly worked well in excess of 40 hours per week.

7. AMERICAN IN-HOME CARE employed plaintiff and others similarly situated in-home care providers during the liability period.

8. Defendant, AMERICAN IN-HOME HEALTH CARE LLC, is engaged in the business of acting as a provider of in-home health-care. It uses individuals in the State of Florida to fulfil its contracts with its customers. Each of these individuals is misclassified by the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, as an independent contractor when they should have been classified as employees.

9. Plaintiff in this action was misclassified by the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, as an independent contractor when she should have been classified as an employee.

10. By classifying her as an independent contractor, Defendant deprived Plaintiff, and others similarly situated, of important employee benefits including but not limited to:

    a. Employer portion of Social Security payroll deduction payments;

    b. Eligibility to collect unemployment compensation;

    c. Eligibility under the Affordable Care Act.

## V. Nature of the Case

11. This action is brought to recover unpaid minimum wages and overtime wages owed to plaintiff and all current and former similarly situated pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, employee in-home care providers of defendant AMERICAN IN-HOME HEALTH CARE LLC ("AMERICAN IN-HOME CARE")

12. From a period in excess of three years prior to the date this complaint was filed to the present and continuing (the "liability period"), Defendant has failed to pay minimum wages or overtime wages required by the FLSA to their in-home care providers.

13. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid minimum wage and overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

14. At all times during the period when the Plaintiff, as in-home care provider, rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, it exercised significant control over the plaintiff.

15. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, as workers, and had virtually no opportunity for profit.

16. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, she made no investment in the Defendant's business.

17. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, her duties required a very low degree of skill as compared to that of a legitimate independent contractor.

18. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, she exercised little or no initiative to perform her work.

19. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, it exercised control over the plaintiff and others.

20. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, providing in-home healthcare services was an integral part of the Defendant's business.

21. At all times during the period when the Plaintiff rendered services to the Defendant, AMERICAN IN-HOME HEALTH CARE LLC, she was working seven days per week on a permanent basis, similar to in-home care providers who are treated as employees.

22. In determining whether the Plaintiff and other are to be treated as independent contractors or employees, the court should construe the facts so that the provisions will have the

widest possible impact in the national economy.

23. This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et seq.] (hereinafter "the Act").

24. The individual claims of the Plaintiff, and others similarly situated, have common questions of fact and law.

## V. FACTUAL BACKGROUND

25. AMERICAN IN-HOME CARE operates, and at all times relevant to this complaint, has operated an in-home healthcare service throughout the State Florida.

26. AMERICAN IN-HOME CARE owns and operates an in-home health care company and employs individuals to act as in-home care provider.

27. AMERICAN IN-HOME CARE provides in-home services 24-hours per day, seven days per week.

28. AMERICAN IN-HOME CARE requires its workers to follow specific written procedures with respect to how they do their jobs.

29. AMERICAN IN-HOME CARE assigns workers to a specific assignment and furnishes them with a detailed list of duties to be performed during a workday. AMERICAN IN-HOME CARE continuously monitors its workers by way of phone and paper documentation to insure completion of their duties.

30. Defendant, AMERICAN IN-HOME CARE's method of classifying workers as independent contractors is designed to, and has the effect of, denying its in-home care providers

the minimum wage and overtime wages required by the FLSA.

31. Throughout the liability period, Defendant's in-home care providers regularly worked at least approximately 80 hours per week.

32. Individuals employed by AMERICAN IN-HOME CARE as in-home care providers are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the FLSA, and the implementing rules and regulations of the U.S. Department of Labor.

33. AMERICAN IN-HOME CARE has made it difficult to account with precision for unpaid hours worked by its workers during the liability period, because it failed to adequately make, keep, and preserve the actual hours worked by such employees as required for non-exempt employees by 29 U.S.C. § 211 (c).

34. In-home care providers employed by AMERICAN IN-HOME CARE are non-exempt employees rather than independent contractors, and are therefore subject to the FLSA's minimum wage requirements.

35. AMERICAN IN-HOME CARE suffers or permits its in-home care providers to work for it.

36. The economic reality is that AMERICAN IN-HOME CARE's in-home care employees are economically dependent on it.

37. The work done by the Plaintiff, and others similarly situated, is an integral of AMERICAN IN-HOME CARE's business.

38. AMERICAN IN-HOME CARE maintains exclusive control over the in-home care providers' primary means of income by setting schedules and assignments.

39. AMERICAN IN-HOME CARE controls its workers through the use threat of termination.

## VI. FACTUAL ALLEGATIONS OF NAMED PLAINTIFF

40. Plaintiff, FIE, first started working for Defendant in November of 2013.

41. Throughout her employment for defendant, Plaintiff FIE has typically worked five to seven days per week.

## VII. COLLECTIVE ACTION CLAIMS

42. In addition to plaintiff, numerous employees and former employees of AMERICAN IN-HOME CARE are similarly situated to Plaintiff because they have been denied minimum wage and overtime compensation while employed as in-home care providers for AMERICAN IN-HOME CARE.

43. Defendant has willfully violated the provisions of Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

44. Plaintiff has been intentionally misclassified by Defendant as independent contractor and has not compensated her for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they was employed.

45. Defendant has failed to maintain all of the records required by the Fair Labor Standards Act and the regulations promulgated thereunder.

46. Defendant's policy of misclassifying its employees as independent contractors is

both unlawful and company-wide and each non-exempt employee employed by Defendant during the three years prior to the filing of this complaint has been deprived of overtime, similarly to the named Plaintiffs.

47. The failure to pay overtime compensation to Plaintiffs is unlawful in that they are not exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

48. Plaintiff is representative of these other employees and are acting on behalf of their interests as well as plaintiff's own interests in bringing this action.

49. Those similarly situated employees are known to AMERICAN IN-HOME CARE and are readily identifiable and locatable through AMERICAN IN-HOME CARE's records.

50. Those similarly situated employees should be notified of allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

51. Unless notice is issued, persons similarly situated to plaintiff, who have been unlawfully deprived of minimum wage compensation in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by AMERICAN IN-HOME CARE.

## COUNT I - Minimum Wage Violations

52. The allegations in paragraphs 51 are incorporated by reference herein.

53. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which require minimum wage compensation to non-exempt employees, 29 U.S.C. § 206.

54. By failing to keep adequate time records as required by FLSA, 29 U.S.C. § 211(c), Defendant has made it difficult to calculate the minimum wage compensation due plaintiffs and potential opt-in plaintiffs.

55. As a result of Defendant's unlawful acts, plaintiffs and all persons similarly situated to them have been deprived of minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

## IX Prayer for Relief

WHEREFORE, plaintiff and all employees similarly situated who join in this action pray for this Court:

- A. To authorize the issuance of notice at the earliest possible time to all AMERICAN IN-HOME CARE employees who currently hold or who held the position of in-home care provider during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for AMERICAN IN-HOME CARE during the liability period, but were not paid minimum wage as required by the FLSA;

- B. To declare that defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211 (c) as to plaintiffs and persons similarly situated;

- C. To declare that defendant has violated the minimum wage provisions of the FLSA, 29 U. S. C. § 203(m) when the federal minimum wage is determined 29 U.S.C. §206, as to the plaintiffs and persons similarly situated;

- D. To declare that Defendant's violations of the FLSA were willful;

- E. To award plaintiff, and other similarly situated employees and former employees of defendant, damages for the amount of unpaid minimum wage compensation subject to proof at trial;

F. To award plaintiff, and other similarly situated employees and former employees of defendant, compensation for such expenses as they have been required to expend on defendant's behalf.

G. To award plaintiff, and other similarly situated employees and former AMERICAN IN-HOME CARE employees, liquidated damages in an amount equal to the minimum wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

H. To make the same declarations and awards as prayed for in ¶¶ A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

I. To award plaintiff, and other similarly situated employees and former AMERICAN IN-HOME CARE employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

J. To award such other and further relief as this Court may deem appropriate.

### COUNT II - Overtime Wages

56. The allegations in paragraphs 51 are incorporated by reference herein.

57. By its actions alleged above, defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which require overtime wages compensation to non-exempt employees, 29 U.S.C. §206.

58. By failing to keep adequate time records as required by FLSA, 29 U.S.C. § 21 I(c), defendant has made it difficult to calculate the overtime wage compensation due plaintiffs and potential opt-in plaintiffs.

59. As a result of Defendant's unlawful acts, plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other

compensation.

## IX Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court:

- A. To authorize the issuance of notice at the earliest possible time to all AMERICAN IN-HOME CARE employees who currently hold or who held the position of in-home care provider during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for AMERICAN IN-HOME CARE during the liability period, but were not paid overtime wage as required by the FLSA;

- B. To declare that defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211 (c) as to plaintiffs and persons similarly situated;

- C. To declare that defendant has violated the overtime wage provisions of the FLSA, 29 U.S.C. §206, as to the plaintiffs and persons similarly situated;

- D. To declare that defendant's violations of the FLSA were willful;

- E. To award plaintiff, and other similarly situated employees and former employees of defendant, damages for the amount of unpaid overtime wage compensation subject to proof at trial;

- F. To award plaintiff, and other similarly situated employees and former employees of defendant, compensation for such expenses as they have been required to expend on defendant's behalf.

- G. To award plaintiff, and other similarly situated employees and former AMERICAN IN-HOME CARE employees, liquidated damages in an amount equal to the overtime wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

- H. To make the same declarations and awards as prayed for in ¶¶ A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

I.  To award plaintiff, and other similarly situated employees and former AMERICAN IN-HOME CARE employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

J.  To award such other and further relief as this Court may deem appropriate.

DATED this 23 November 2015.

*/s/ N. James Turner*

N. James Turner, Esquire
Counsel for Plaintiff
37 N. Orange Avenue
Suite 500
Orlando, Florida 32801
(888) 877-5103
Email address:  njtlaw@gmail.com
Florida Bar No. 203041