**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JANET FIE and LAUREL LEE
PATTERSON-WILLETT, and other
similarly situated**

    **Plaintiffs,**

v.                                                                   **Case No: 5:15-cv-598-Oc-CEMPRL**

**AMERICAN IN-HOME CARE, LLC**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Joint Motion for Approval of their Settlement, and to Dismiss this Case with Prejudice. (Doc. 29).

Claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Before approving a FLSA settlement, the court must determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

With respect to attorney's fees and costs, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. Where the parties submit to the court

> a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, all of these factors are present.

As set forth in the motion, the parties' settlements provide that Defendant will pay Plaintiff Janet Fie $2,000 and Plaintiff Laurel Lee Patterson-Willet $850. (Doc. 29, Ex. 1, pp. 3–4). The parties agree that these settlement amounts reflect a reasonable compromise of several disputed issues in this case including: whether Plaintiffs were properly classified as independent contractors and whether Plaintiffs were properly classified as exempt. (Doc. 29, pp. 6, 8–9). The parties also assert that they have been represented by counsel throughout this litigation and settlement process, and that—after discussing the issues at length and engaging in detailed settlement discussion—the settlement terms are fair and equitable given the disputed issues and the risks of

- 3 -

litigation. (Doc. 29, pp. 7, 8–9). Under these circumstances, the undersigned finds the settlement reasonable, especially considering the vagaries of litigation.[2]

Additionally, Defendant will pay $1,500 in attorney's fees and costs for Plaintiff Fie's representation and $1,000 in attorney's fees and costs for Plaintiff Patterson-Willet's representation. (Doc. 29, Ex. 1, p. 4). The parties assert that this amount was negotiated separately and independently from the determination of Plaintiffs' damages. (Doc. 29, p. 8). The Court thus finds that the agreed upon $2,500 in attorney's fees and costs were determined independently, do not affect the payments to Plaintiffs, and otherwise appear to be reasonable. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, the Court need not separately consider the reasonableness of the fees to be paid to Plaintiffs' counsel.

Accordingly, after due consideration, it is respectfully **RECOMMENDED** that:

The parties' Joint Motion for Approval of Settlement, and to Dismiss the Case with Prejudice (Doc. 29) be **GRANTED** and the Settlement Agreements and Releases (Doc. 29, Ex. 1) be **APPROVED** by the district court. It is further respectfully recommended that, pursuant to the agreement of the parties, the case be **DISMISSED WITH PREJUDICE** and that Plaintiffs' motion to amend the complaint (Doc. 25) be **TERMINATED**.

---

[2] The parties note that they have separate agreements and corresponding releases that are unrelated to their FLSA claims. (Doc. 29, Ex. 1, n. 1). The Court, of course, does not express an opinion on those agreements. *See Brozman v. Jenniferjames Haircolorxperts, LLC*, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016).

**DONE** and **RECOMMENDED** in Ocala, Florida on April 21, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties